IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 16, 2001 Session

# TAYLOR BROWN, ET AL. V. JERRY NOWLIN, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. 300756 T.D.     Robert L. Childers, Judge

### No. W2001-01455-COA-R3-CV - Filed November 30, 2001

This dispute addresses the applicability of the "made whole" doctrine to the subrogation rights of TennCare, Tennessee's medicaid waiver program, where the insured and the tortfeasor reached a settlement agreement without the participation or consent of TennCare. We hold that the made whole doctrine did apply to TennCare at the time this case was settled and the order entered. Affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Rhonda M. Whitted, Nashville, Tennessee, for the appellant, Tennessee Coordinated Care Network, d/b/a Access . . . MedPLUS.

Shannon D. Elsea, Memphis, Tennessee, for the appellees, Taylor Brown, individually, By Mother and Next Friend Toya Brown, and Toya Brown, individually.

### OPINION

On October 17, 1998, five year-old Taylor Brown (Brown) sustained severe injuries after being ejected from a vehicle which was struck by a vehicle driven by Mr. Jerry Nowlin.(Nowlin) She received care for her extensive injuries at LeBonheur Children's Medical Center in Memphis. Medical bills for the first 30 days of treatment at LeBonheur were over $134,000. TennCare, Tennessee's Medicaid waiver project, paid $81,887.98 for Taylor's treatment. Taylor is now a quadriplegic and dependent upon a ventilator.

On March 3, 1999, Brown's attorney contacted the Tennessee Coordinated Care Network (TCCN), the contractor for the State under TennCare, advising them of the collision and requesting the amount of its subrogation interest. On March 5, 1999, TCCN's agent, Innovative Recovery

Services, Inc. (IRSI), responded, advising Brown's attorney of TCCN's subrogation claims and informing him that "TCCN's interest is being protected by Innovative Recovery Services, Inc. (IRSI). IRSI is entitled to receive the full amount of proceeds paid by TCCN on behalf of Ms. Brown." On March 17, 1999, Brown again contacted TCCN and requested that TCCN waive its subrogation interest. On May 17, 1999, TCCN agreed to reduce its subrogation interest by 50%. In her letter of May 27, 1999, the attorney for IRSI requested that she be advised of the status of any action and informed Brown that IRSI intended to participate in all proceedings. The attorney and IRSI contacted Brown's attorney on September 27 and 29, 1999, respectively, again requesting information on the status of any action and advising him of IRSI's intention to intervene.

Aware that a decision in **Blankenship v. Estate of Bain**, 5 S.W.3d 647 (Tenn. 1999)[1] regarding the application of the "made whole" doctrine[2] to TennCare was forthcoming from the Tennessee Supreme Court, Brown filed a claim against Nowlin, intending to hold the matter before the trial court pending the Supreme Court's decision. In the meantime, Brown was made aware that Nowlin was not cooperating in the defense of the claim, and that his insurance company was likely to request a declaratory judgment in order to refuse coverage of Nowlin per the contract of insurance. Brown determined that Nowlin had no executable assets with which to satisfy a verdict, and determined that the action was best settled in order to avoid loss of all monies which may have been available.

The parties agreed to settle for $100,000[3] and an order approving the minor's settlement was entered by the trial court on August 3, 1999. In his order, the trial judge specifically found that the minor child, Taylor Brown, was not made whole. The August 3 order stated that the proceeds were to be held by the court "until such time as the subrogation interest of Access MedPlus (TennCare) is determined . . ."

The Supreme Court held in **Blankenship** that TennCare was subject to the made whole doctrine and therefore could not enforce its subrogation interest if an insured was not first fully compensated. **See id.** at 649. Following the decision in **Blankenship**, on April 26, 2001, the trial court granted Brown's motion to dismiss TCCN's December 12, 2000, motion to intervene and intervenor complaint for lack of standing, finding that at the time the action was settled, compromised and the order entered TennCare was subject to the made whole doctrine. This appeal by TCCN followed.

---

[1]**Blankenship** was decided on November 29, 1999.

[2]The "made whole" doctrine in Tennessee is grounded in the belief that the subrogation rights of an insurer are based on principles of equity and natural justice. Therefore, before an insurer is entitled to assert a right of subrogation, the insured must first be "made whole," or fully compensated for their loss. **See Wimberly v. American Cas. Co.**, 584 S.W.2d 200 (Tenn. 1979). An insured is not made whole if the insured's total recovery from a tortfeasor and insurer is less than the loss sustained. **See Eastwood v. Glens Falls Ins. Co.**, 646 S.W.2d 156, 158 (Tenn. 1983).

[3]The original complaint against Mr. Nowlin sought $5 Million in compensatory damages.

### *Issues*

The determinative issues presented in this case, as we perceive them, are:

        I. Does the equitable "made whole" doctrine apply to the State's subrogation interest in third party recoveries in personal injury actions settled prior to *Blankenship v. Estate of Bain*?

        II. Does the equitable "made whole" doctrine apply to the State's subrogation interest in third party recoveries in personal injury actions prior to *Blankenship v. Estate of Bain* when the State does not consent or participate in the settlement between plaintiff and the tortfeasor?[4]

### *Standard of Review*

The facts in this case are undisputed and the issues raised on appeal are matters of law. Our review with respect to the trial court's legal conclusions is *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d). *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.,* 986 S.W.2d 550, 544 (Tenn. 1999).

### *Applicability of the Made Whole Doctrine to TennCare*

Counsel for TCCN argues that *Blankenship* attempted to change the law regarding the applicability of the made whole doctrine to TennCare, and that *Blankenship* would not apply to this case since the accident, settlement and order occurred prior to the November 29, 1999, decision. In short, she argues that applying the made whole doctrine to this case requires retroactive application of *Blankenship*. We disagree.

In *Blankenship*, the Tennessee Supreme Court found that section § 71-5-117 of the Tennessee Code, which provides TennCare a right of subrogation, neither embraced nor abandoned the made whole doctrine.[5] *Blankenship*, 5 S.W.3d at 651. The Court further found that when the TennCare statute was amended to provide a right of subrogation, the decision in *Wimberly* had already established that an insured must be made whole before an insurer could assert a right of

---

[4]Appellant raises as a third issue: "Does the May 24, 2000, amendment to the TennCare statute set forth in Tenn. Code Ann. Sec. 71-5-117 provide that a personal injury plaintiff's attorney fees and costs are to be deducted from the State's subrogation interest when the record establishes that the State elected to represent its own interest[s] and expressly rejected representation by the plaintiff's attorney in the matter?" We find it unnecessary to address this issue in light of our decision in this case, and because counsel for the Appellee states that he "is not seeking a reduction in TCCN's subrogation for work performed in securing settlement."

[5]Subsequent to the decision in *Blankenship*, section 71-5-117 of the Tennessee Code was amended on May 24, 2000, to include section 71-5-117 (g) - (k). Section § 71-5-117 (k) now states: "It is the intention of the general assembly that subsections (g) through (j) be used in lieu of application of the 'made whole' doctrine for any recovery authorized under this section." Tenn. Code Ann. § 71-5-117(k)(Supp. 2001).

subrogation. *Id.*; *see Wimberly v. American Cas. Co.*, 584 S.W.2d 200 (Tenn. 1979). The *Wimberly* decision was grounded in principles of equity. *Wimberly*, 584 S.W.2d at 203 The *Wimberly* court stated:

> The doctrine of subrogation in insurance does not arise from, nor is it dependent upon, statute or custom or any of the terms of the contract; it has its origin in general principles of equity and in the nature of the insurance contract as one of indemnity. The right of subrogation rests not upon a contract, but upon the principles of natural justice.

*Id*. (quoting Couch on Insurance 2d § 61:20 (1966)). Once the insured has been fully indemnified, subrogation prevents unjust enrichment of an insured through double recovery. *Id.*

Thus *Blankenship* did not change the law. Rather, in *Blankenship*, the court re-affirmed the law as set forth in *Wimberly*, and noted that the legislature had not exempted TennCare from the equitable made whole doctrine adopted in *Wimberly*. *Blankenship*, 5 S.W.3d at 651. Presuming that the legislature is aware of existing law, the court in *Blankenship* concluded that if the legislature had intended to except TennCare from the made whole doctrine, it would have done so expressly. *Id.* Therefore, since *Blankenship* was decided pursuant to the law as determined in 1979 in *Wimberly*, no retroactive application of *Blankenship* is required for application of the made whole doctrine to this case.

TCCN further argues that section 71-5-117 of the Tennessee Code, as amended in May, 2000, should be applied retroactively in order to reflect the legislative intent of the section. We reject this contention. When construing a statute, the court should give effect to the legislative intent without restricting or expanding its scope. *Id.* The court must examine the statutory language and apply its plain and ordinary meaning. *Id.* The court must also presume that the legislature is aware of existing state law when it enacts new legislation. *Id.* In general, statutes are presumed to operate prospectively unless retroactive application is expressly stated or is necessarily implied. *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn. 1972). The intention of the legislature that a statute be retroactively applied must be clear and unequivocal. *Id.* Nothing in the language of section 71-5-117 of the Tennessee Code, as amended in May of 2000, expressly declares or necessarily implies that it be given retroactive effect.

The trial court specifically found that Taylor Brown was not made whole by her recovery from Nowlin. TCCN does not suggest that this finding was in error. We therefore hold that since section 71-5-117 of the Tennessee Code has no retroactive application, under the reasoning of *Wimberly* as affirmed by *Blankenship,* the made whole doctrine was applicable to TennCare in this action. Since Taylor Brown was not made whole, TCCN had no right to subrogation in this case.

*Applicability of the Made Whole Doctrine*
*in the Absence of Consent or Participation by TennCare*

TCCN argues that even if the made whole doctrine is applicable to this case, it should not be applied here since TCCN did not consent to Brown's settlement agreement and release of Nowlin. It contends that since TCCN was excluded from participation, it was denied the right to protect its subrogation interest. TCCN quotes *Tennessee Farmers Mutual Insurance Co. v. Farmer,* No. 03A01-9610-CH-00327, 1998 WL 695637, *1 (Tenn. Ct. App. Aug. 20, 1998) (*no perm. app. filed*), as stating: "It is well settled that if the insurer claiming subrogation did not participate in the settlement negotiations between its insured and the third-party tortfeasors, and waived no rights, its subrogation claim must be honored and the made-whole doctrine has no application." *Id.* at *3. We note, however, that in *Tennessee Farmers*, this Court specifically stated that its facts were "totally different" from the facts of *Wimberly*. *Id.* In *Tennessee Farmers*, the insured attempted to assert the made whole doctrine to deny the insurer's subrogation rights when the trial court had not determined that she was not made whole. We stated: "Significantly, there was never a specific determination in the tort action or the settlement agreement as to whether or not Debra J. Farmer had been made whole." *Id.* We further stated:

> The cases subsequent to *Wimberly* have not applied the doctrine to defeat the subrogation claim of the insurer *unless the parties have either agreed that the insured has not been made whole by the tort recover[y], or the underlying facts are clear that the recovery did not make the insured whole*.

*Id*. at *2 (emphasis added). In the case at bar, the underlying facts are clear that Taylor Brown was not made whole by her recovery.

TCCN also calls our attention to *Aetna Casualty & Surety Co. v. Tennessee Farmers Mutual Insurance Co.*, 867 S.W.2d 321 (Tenn. Ct. App. 1993), for the proposition that Brown is liable to TCCN for payments made in her behalf. In *Aetna*, this Court held that where Aetna Insurance sought contribution from Tennessee Farmers after Aetna had released the tortfeasor, Tennessee Farmers was released from liability to Aetna. *See id*. at 322. We likewise note this case did not address the relationship between the made whole doctrine and the effect of failing to obtain an insurer's consent to settlement in a fact situation like the case at bar.

The Tennessee Supreme Court addressed the relationship between the made whole doctrine as stated in *Wimberly* and an insurer's right to subrogation in *Eastwood v. Glens Falls Insurance Co.*, 646 S.W.2d 156 (Tenn. 1983). In *Eastwood*, the court held that an insured and a tortfeasor could not avoid liability to the insurer if they entered into a settlement without the consent of the insurer, even if the settlement did not make the insured whole. *See id*. at 156-57. In *Eastwood*, plaintiffs suffered a loss of over $200,000 due to the negligence of two construction contractors. *Id.* at 157. Glens Falls Insurance paid Eastwood the insurance policy limit amount of $83,000. *Id.* The defendant construction contractors offered to settle for $120,000, an offer Eastwood was willing to accept if no subrogation payment had to be made to Glens Falls. *Id.* Glens Falls refused to agree. *Id.* The court held that the proposed agreement

between Eastwood and the contractors could not be consummated without further liability by either the insured or the tortfeasor to Glens Falls. ***Id.***

Our facts in this case present a unique question not raised in ***Eastwood*** or its progeny, however. Here, we are presented with a settlement made on behalf of a minor and approved by the trial court. In approving a settlement on behalf of a minor, the trial judge must find that the settlement is in the best interest of the minor. Section 34-11-121(b) of the Tennessee Code provides:

> In any action or suit in which a minor or disabled person is a party or in any case of personal injury to a minor or disabled person caused by the alleged wrongful act of another, the court in which the action or suit is pending, or the court supervising the fiduciary relationship if a fiduciary has been appointed, has the power to approve and confirm a compromise of the matters in controversy on behalf of the minor or disabled person. ***If the court deems the compromise to be in the best interest of the minor or disabled person***, any order or decree approving and confirming the compromise shall be binding on the minor or disabled person.

Tenn. Code Ann. 34-11-121(b) (1996) (emphasis added).

The order approving the compromise in this case is binding on the minor Taylor Brown. In approving this binding settlement, the trial judge was bound by statute to act in the best interest of the child. In his order, Judge Childers made, inter alia, the following specific findings:

> 5. As a result of the accident, the minor plaintiff sustained personal injuries including but not limited to spinal cord injury at C1-C2 resulting in quadriplegia.
>
> 6. The minor plaintiff has undergone several surgical procedures and will require a ventilator to breathe for her for the rest of her life. She is expected to gain, at best, minimal motor functions. She will be completely disabled for the rest of her life.
>
> 7. The parties propose to settle all claims of the minor and her custodial parent against the defendant, Jerry C. Nowlin, arising out of the accident for the total sum on ONE HUNDRED THOUSAND DOLLARS ($100,000.00)
>
> 8. The Plaintiff, Defendant, and the Court upon its review of the evidence in this cause, hereby makes the determination that the Plaintiff, Taylor Brown, is not made whole by the recovery in this action.

TCCN does not challenge these finding, nor does it challenge Brown's assertion that the limited recovery in this case was all that could be recovered from Nowlin. As noted above, counsel for Brown agreed to the settlement offer after determining that the tortfeasor had no other assets against which a judgment could be executed. It is clear from the undisputed facts that Taylor Brown could not be made whole by the $100,000 settlement, which did not even cover the costs of her initial treatment at LeBonheur. It is obvious to this Court that in acting in the best interest of the minor and approving the settlement for such a limited recovery, the trial judge was satisfied that this amount was, in fact, all that was likely to be recoverable. We presume the trial court's findings of fact to be correct. Tenn. R. App. P. 13(d).

We are satisfied that in approving the limited recovery on behalf of the minor, Taylor Brown, the trial court acted in her best interest. It approved a very limited settlement because it was all that could be recovered, even while recognizing that Taylor Brown was not made whole. Given this situation, we think it of little consequence that TCCN did not participate in the settlement directly. Under these particular facts, and since TennCare was subject to the made whole doctrine at the time of this case, TCCN's subrogation interest could not have arisen even if TCCN had intervened. Therefore, there has been no injury to TCCN's ability to protect its rights. We therefore affirm the dismissal of TCCN's motion to intervene.

### *Conclusion*

In light of the foregoing, we affirm the trial court in all respects. Costs of this appeal are taxed to the Appellant, Tennessee Coordinated Care Network, d/b/a Access...MedPlus/Innovative Recovery Systems, Inc., and their surety.

_____

DAVID R. FARMER, JUDGE