**Benny N. BLANKENSHIP and Sheila Blankenship, Appellants,**

**and**

**Blue Cross and Blue Shield of Tennessee, Plaintiff by Intervention–Appellee,**

**v.**

**ESTATE OF Joshua C. BAIN and Bob Williams Ford Lincoln– Mercury, Defendants.**

Supreme Court of Tennessee, at Nashville.

Nov. 29, 1999.

648

David E. High, Nashville, John Pellegrin, Gallatin, Peter D. Heil, Nashville, for appellants.

Jerome J. Cohen, John B. Ingleson, Nashville, for appellee, Blue Cross and Blue Shield of Tennessee.

Dianne Elizabeth Lashmit, Gilreath & Associates, Knoxville, Jimmy W. Bilbo, Logan, Thompson, Miller, Bilbo, Thompson & Fisher, P.C., Cleveland, for Amicus Curiae, Tennessee Trial Lawyers Association.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Sue A. Sheldon, Senior Counsel, Nashville, for Amicus Curiae, Tennessee Department of Health, Bureau of Tenn-Care.

## OPINION

ANDERSON, C.J.

We granted this appeal to decide whether a person who receives health care benefits under Tennessee's medical assistance program ("TennCare") must be "made whole" for his or her loss before the State is entitled to subrogation for any medical expenses it paid on the person's behalf.

The trial court concluded that TennCare, through its administrator, Blue Cross and Blue Shield of Tennessee ("Blue Cross/Blue Shield"), was not entitled to subrogation because the insureds had not been made whole for their loss under a settlement agreement. The Court of Appeals reversed, however, and held that Tenn.Code Ann. § 71–5–117(a) (1995 & Supp.1999) entitles the State to subrogation without regard to whether a Tenn-Care recipient has been made whole.

After reviewing the arguments and the applicable authority, we conclude that TennCare may not receive subrogation for medical payments made on behalf of a TennCare recipient unless and until the recipient has been made whole for his or her loss. We therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.

### BACKGROUND

Benny and Sheila Blankenship were enrolled in the Tennessee medical assistance program commonly referred to as "TennCare," which is administered by Blue Cross/Blue Shield of Tennessee. They paid monthly premiums for health care coverage under the program.

In July of 1995, Benny Blankenship was injured in a car accident caused by the negligence of Joshua Bain, who was killed in the accident. The Blankenships filed a complaint against Bain's estate. Bain had liability insurance coverage in the amount of $125,000, but his estate was otherwise insolvent. Although the suit was settled for the limit of Bain's policy, the trial court found that the Blankenships would have been entitled to recover damages well in excess of $125,000.

Blue Cross/Blue Shield paid $20,713.83 of the Blankenships' medical expenses and then filed a motion to intervene in the Blankenships' suit against Bain in an effort to enforce what it perceived to be its right to subrogation. It relied upon Tenn.Code Ann. § 71–5–117, which states in part:

(a) To the extent of payments of medical assistance, the state shall be subrogated to all rights of recovery, for the cost of care or treatment for the injury or illness for which medical assistance is provided, contractual or otherwise, of the recipients against any person....

(b) Upon accepting medical assistance, the recipient shall be deemed to have made an assignment to the state of the right of third party insurance benefits to which the recipient may be entitled.

Tenn.Code Ann. § 71–5–117(a), (b). The Blankenships responded with a petition to determine the validity of the subrogation claim, which the trial court treated as an action for declaratory relief. After conducting a hearing, the trial court ruled that Blue Cross/Blue Shield was not entitled to subrogation because the Blankenships had not been made whole, i.e. fully compensated, for their loss. The trial court explained that

> Tenn.Code Ann. § 71–5–117 contains no statutory exception to the made whole doctrine. The statutory interest of BlueCross BlueShield of Tennessee is subject to the plaintiffs' being first made whole. This is true regardless of whether the interest of BlueCross BlueShield of Tennessee is considered to be a subrogation or an assignment interest.

On appeal, the Court of Appeals concluded that Tenn.Code Ann. § 71–5–117(a) mandated subrogation in favor of Blue Cross/Blue Shield because the statute does not expressly condition the State's subrogation right upon the "made whole" doctrine. The court also determined that federal legislation, 42 U.S.C. § 1396a (1992 & Supp.1999), requires a state to be fully subrogated for Medicaid benefits it extends. The Court of Appeals therefore reversed the judgment of the trial court.

We granted permission to appeal.

### ANALYSIS

We begin our analysis by reviewing established principles of subrogation. Subrogation is defined as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Castleman Constr. Co. v. Pennington,* 222 Tenn. 82, 432 S.W.2d 669, 674 (1968) (citation omitted). Subrogation allows an insurer to "stand in the shoes" of an insured and assert the rights the insured had against a third party. *E.g., Wimberly v. American Cas. Co.,* 584 S.W.2d 200, 203 (Tenn.1979). In its most basic form, subrogation means that party A is substituted for party B and is allowed to raise the rights party B had against party C.

A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of a statute ("statutory subrogation"). It is based on two fundamental premises: 1) that an insured should not be permitted recovery twice for the same loss, which would be the potential result if the insured recovers from both its insurer and a tortfeasor; and 2) that the tortfeasor should compensate the insurer for payments the insurer made to the insured. *York v. Sevier County Ambulance Auth.,* 1999 WL 1051166 (Tenn.1999).

The Blankenships, relying on our decision in *Wimberly,* have maintained throughout these proceedings that an insured must receive full compensation for his or her loss, i.e., be "made whole," before an insured is entitled to assert a claim for subrogation. In *Wimberly,* the insured suffered property damage of $44,-619 due to a tortfeasor's misconduct. The insured recovered $25,000 from the tortfeasor's insurance policy and $15,000 under its own insurance policy. The insurance companies enforced contractual subrogation rights and received pro rata shares from the $25,000 the insured had received from the tortfeasor's policy.

We held that the insurance companies were not entitled to subrogation because the insured had not been "made whole" for his loss. *Wimberly,* 584 S.W.2d at 202. Our holding was guided by "general principles of equity:"

> The doctrine of subrogation in insurance does not arise from, nor is it dependent upon, statute or custom or any of the terms of the contract; it has its origin in general principles of equity and in the nature of the insurance contract as one of indemnity. The right of subrogation rests not upon a contract, but upon the principles of natural justice.

*Id.* at 203 (quoting *Castleman,* 432 S.W.2d at 675). Applying these principles, we determined that there is no equitable basis for allowing subrogation where an insured has not been made whole because there simply is no risk that the insured may recover twice for the same loss. Moreover, we concluded that a potential loss incurred by the insurer who is not reimbursed by way of subrogation is a risk the insurer has been paid to assume. *Id.* at 203.[1]

Blue Cross/Blue Shield, however, seeks to distinguish *Wimberly* by arguing that its right to subrogation is created by statute under the medical assistance provisions of the TennCare program:

(a) Medical assistance paid to, or on behalf of, any recipient cannot be recovered from a beneficiary unless such assistance has been incorrectly paid, or, unless the recipient or beneficiary recovers or is entitled to recover from a third party reimbursement for all or part of the costs of care or treatment for the injury or illness for which the medical assistance is paid. *To the extent of payments of medical assistance, the state shall be subrogated to all rights of recovery, for the cost of care or treatment for the injury or illness for which medical assistance is provided, contractual or otherwise, of the recipients against any person.*

Tenn.Code Ann. § 71–5–117 (emphasis added). Moreover, Blue Cross/Blue Shield contends that the statute does not condition the State's right of subrogation on an insured's being made whole. We disagree.

A basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. We must first examine the language of a statute and apply its ordinary and plain meaning. *E.g., Riggs v. Burson,* 941 S.W.2d 44, 54 (Tenn.1997). Moreover, we must presume that the legislature knows of the existing state of the law when it enacts new legislation. *Id.* at 54; *see also Wilson v. Johnson County,* 879 S.W.2d 807, 810 (Tenn. 1994).

The specific terms of Tenn.Code Ann. § 71–5–117(a) neither expressly embrace nor abandon the "made whole" requirement. When the legislature first amended the statute to provide for the State's right of subrogation, however, our decision in *Wimberly* had already clarified that subrogation is subject to an insured's right to be made whole for his or her loss. *Wimberly,* 584 S.W.2d at 203.[2] Moreover, we stated in *Wimberly* that subrogation is founded upon principles of equity and "not dependent upon statute or custom or . . . contract." *Id.* We therefore must presume not only that the legislature was aware of the existing state of the law but also that it intended for the statute to reflect the equitable principle that subrogation is subject to the made whole doctrine. *See, e.g., Riggs,* 941 S.W.2d at 54.

Moreover, had the legislature intended a different interpretation, it could simply have stated in precise language that the subrogation right in the context of the medical assistance program is not subject to the requirement that an injured party first be made whole for his or her loss.

---

1. Our decision in *Wimberly* is consistent with the rule followed in numerous jurisdictions. *Powell v. Blue Cross & Blue Shield,* 581 So.2d 772 (Ala.1990); *Continental W. Ins. Co. v. Swartzendruber,* 253 Neb. 365, 570 N.W.2d 708 (1997); *St. Paul Fire & Marine Ins. Co. v. W.P. Rose Supply Co.,* 19 N.C.App. 302, 198 S.E.2d 482 (1973); *Lombardi v. Merchants Mut. Ins. Co.,* 429 A.2d 1290 (R.I.1981); *Ortiz v. Great So. Fire & Cas. Ins. Co.,* 597 S.W.2d 342 (Tex.1980); *Thiringer v. American Motors*

*Ins. Co.,* 91 Wash.2d 215, 588 P.2d 191 (1978); *Grayam v. Department of Health & Human Resources,* 201 W.Va. 444, 498 S.E.2d 12 (1997); *Sorge v. National Car Rental Sys., Inc.,* 182 Wis.2d 52, 512 N.W.2d 505 (1994).

2. The subrogation provision—then codified at Tenn.Code Ann. § 14–23–117—was created by 1980 Tenn. Pub. Acts ch. 535, which was passed on February 28, 1980. The *Wimberly* decision was released on July 2, 1979.

*E.g., Kahrs v. Sanchez,* 125 N.M. 1, 956 P.2d 132, 138 (App.1997) (noting that those states intending a Medicaid agency to fully recover use "statutory language [that] is very explicit"); *Grayam v. Department of Health & Human Resources,* 201 W.Va. 444, 498 S.E.2d 12, 19 (1997) (finding that statutory language explicitly created "right to recover full reimbursement" in favor of State). The legislature did not choose to use such language in Tenn.Code Ann. § 71-5-117(a).

Finally, as numerous other courts have recognized, the legislature could have secured payment to the State by creating a statutory *lien* and not merely a subrogation right. *See Paulsen v. Department of Soc. & Health Servs.,* 78 Wash.App. 665, 898 P.2d 353, 356 (1995); *Indiana Dep't of Pub. Welfare v. Larson,* 486 N.E.2d 546, 548 (Ind.Ct.App.1985).

Our decision in *Castleman v. Ross Engineering, Inc.,* 958 S.W.2d 720 (Tenn.1997), in which we held that an employer's workers' compensation insurance carrier was entitled to a statutory lien even though the injured employee had not received the full extent of his damages from a tortfeasor, illustrates the distinction between subrogation and a statutory lien. The workers' compensation statute at issue stated that "the employer shall have a subrogation lien ... against such recovery [from a third person], and the employer may intervene in any action to protect and enforce such lien." Tenn.Code Ann. § 50-6-112(c)(1) (1999). We therefore held:

> [T]he subrogation *lien* attaches to any recovery from the tortfeasor by "judgment, settlement or otherwise." Consequently, even if under equitable principles of subrogation the employer was not entitled to assert the subrogation *lien,* the statute specifically creates that right.

*Castleman,* 958 S.W.2d at 724 (emphasis added) (citation omitted). Moreover, the fact that the legislature created a lien in the workers' compensation statute demonstrates that it could have done so in the medical assistance statute had that been its intention.

■ Although we granted this appeal primarily to address the subrogation provision in Tenn.Code Ann. § 71-5-117(a), we will address briefly the assignment language in Tenn.Code Ann. § 71-5-117(b), upon which Blue Cross/Blue Shield also relies. This section states that "[u]pon accepting medical assistance, the recipient shall be deemed to have made an assignment to the state of the right of third party insurance benefits to which the recipient may be entitled." *Id.* As Blankenship observes, however, the statute provides that "[t]hird parties for medical services shall include, but not be limited to, health and liability insurers, administrators of ERISA plans, employee welfare benefit plans, workers' compensation plans, and medicare." *See* Tenn. Code Ann. § 71-5-117(d) (1999). Moreover, the terms of § 117(b), like § 117(a), do not address, much less reject the equitable requirement that an injured person be made whole for his or her loss. In addition, we specifically said in *Wimberly* that an "assignment adds nothing to the rights vested in the surety by the doctrine of subrogation." 584 S.W.2d at 204 (quoting *Garrity v. Rural Mut. Ins. Co.,* 77 Wis.2d 537, 253 N.W.2d 512, 516 (1977)); *see also Kahrs,* 956 P.2d at 138 (an assignment does not mandate full reimbursement).

■ Finally, we disagree with the Court of Appeals' conclusion that Title XIX of the Social Security Act mandates a different result. Blue Cross/Blue Shield cites 42 U.S.C. § 1396a(a)(25), which states:

> (A) that the State or local agency administering such plan will take all reasonable measures to ascertain the legal liability of third parties ... to pay for care and services available under the plan ... [and] (B) that in any case where such a legal liability is found to exist after medical assistance has been

made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery, *the State or local agency will seek reimbursement for such assistance to the extent of such legal liability.*

Blue Cross/Blue Shield also cites § 1396a(a)(25)(H), which states:

[T]hat to the extent that payment has been made under the State plan for medical assistance in any case where a third party has a legal liability to make payment for such assistance, the State has in effect laws under which, to the extent that payment has been made under the State plan for medical assistance for health care items or services furnished to an individual, the State is considered to have acquired the rights of such individual to payment by any other party for such health care items or services.

These federal provisions simply mandate that a state shall seek reimbursement from a legally liable third party; the provisions do not require that a state acquire a full subrogation recovery, nor do they supplant a state's law with regard to the applicability of the made whole requirement as it relates to subrogation. In short, the federal provisions do not control the issues raised in this case. *E.g., White v. Sutherland,* 92 N.M. 187, 585 P.2d 331 (App. 1978).

## *CONCLUSION*

We conclude that a recipient of benefits under Tennessee's medical assistance program, TennCare, must be "made whole" for his or her loss before the State may be subrogated under Tenn.Code Ann. § 71–5–117(a). Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court. Costs of this appeal are taxed to the Appellee, Blue Cross/Blue Shield of Tennessee.

DROWOTA, BIRCH, HOLDER, and BARKER, JJ., concur.