IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 2000 Session

# FAYE L. GREEN v. INNOVATIVE RECOVERY SERVICES, INC.

**Appeal from the Chancery Court for Davidson County**
**No. 99-1560-II      Carol L. McCoy, Chancellor**

---

**No. M1999-02227-COA-R3-CV - Filed July 28, 2000**

---

The attorney for a woman who had been injured in an auto accident claimed that his services entitled him to a portion of the subrogation interest asserted by TennCare against the settlement proceeds. The trial court dismissed his claim. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Robert L. Whitaker, Nashville, Tennessee, for the appellant, Faye L. Green.

Rhonda M. Whitted, Nashville, Tennessee, for the appellee, Innovative Recovery Services, Inc.

## OPINION

### I.

Faye Green was injured in an auto accident. Her medical expenses, in the amount of $23,059, were paid by Access MedPLUS, a TennCare contractor. Ms. Green hired Robert L. Whitaker, an attorney with Bart Durham and Associates, to represent her in a suit against the other driver, Edward T. Shear, Jr. Mr. Whitaker filed suit on Ms. Green's behalf, asking for damages of $340,000, but eventually settling for policy limits of $50,000.

During the litigation, defendant Innovative Recovery Services, Inc (IRSI) informed Mr. Whitaker that it handled all subrogation matters for Access MedPLUS, that it expected to be reimbursed for medical expenses out of any payments made to Ms. Green, and that it did not wish to enlist his help to protect the subrogation interest of Access MedPLUS.

After the settlement was paid, Ms. Faye's attorney put the subrogation amount into a trust account, and filed suit for a declaratory judgment against IRSI, asking for an order that would reduce

the subrogation claim by one-third, for reasonable and necessary attorney fees. The trial court found that there was no contract between IRSI and Mr. Whitaker and granted summary judgment to IRSI. This appeal followed.

## II.

Mr. Whitaker's sole argument on appeal is that Access MedPLUS was not entitled to subrogation because Ms. Green was not "made whole" by the settlement with the tortfeasor's insuror. For its part, IRSI notes that the appellant never submitted its made-whole argument for the trial court's consideration, and that the trial court was therefore never afforded the opportunity to determine whether or not Ms. Green had been made whole by the settlement, nor to consider whether the made-whole doctrine was applicable to the facts of the case.[1]

The jurisdiction of the Court of Appeals is appellate only. Tenn. Code. Ann. § 16-4-108. This Court is not required to consider arguments on appeal that were not presented to the court below. *See Williamson County Broadcasting Co. v. Intermedia Partners*, 987 S.W.2d 550 (Tenn. Ct. App. 1998); *Sweeney v. State Dept. of Transportation*, 744 S.W.2d 905 (Tenn. Ct. App. 1987). It follows, therefore, that we need not address the question of whether the made-whole doctrine precludes the appellee from collecting any portion of its subrogation claim.

The basis of the trial court's decision was the lack of a contractual relationship between the appellee and Mr. Whitaker. Tenn. Code. Ann. § 71-5-117 establishes the State's right of subrogation where a TennCare recipient has received reimbursement for the costs of treatment paid by the TennCare program. Section (a) of that statute reads in part:

> To the extent of payments of medical assistance, the state shall be subrogated to all rights of recovery, for the cost of care or treatment for the injury or illness for which medical assistance is provided, contractual or otherwise, of the recipients against any person.

Section (c) of the statute reads:

> The right of subrogation by the state to the recipients' right to recovery shall be subject to ordinary and reasonable attorney fees; provided, that further, where a recipient has retained an attorney, the attorney shall not be considered liable unless

---

[1] Appellant did cite to the trial court this Court's opinion in the case of *Blankenship v. Bain,* No. 01A01-9709-CV-00492 (Tenn. Ct. App. at Nashville, filed July 29, 1998), which was subsequently reversed by the Tennessee Supreme Court. *See Blankenship v. Estate of Bain*, 5 S.W.3d 647 (Tenn. 1999). We discussed the made-whole doctrine extensively in the *Blankenship* case, but appellant cited it solely for the proposition that the state's subrogation claim was subject to reasonable and ordinary attorney fees. The trial court found this to be a sound proposition, but rightly observed that the *Blankenship* case did not resolve the question of which attorney can recover the fees, and under what circumstances.

the attorney has notice from the state of the state's claim of subrogation prior to disbursement of the funds to the recipient.

In the present case, Ms. Green engaged Mr. Whitaker to prosecute her personal injury lawsuit, as was her right. He filed the complaint on her behalf, without first notifying TennCare or IRSI. When it learned of the lawsuit, the appellee gave Mr. Whitaker timely notification that the State's subrogation interest was protected by IRSI, and that it did not desire his representation or that of his firm.

The appellant argues that she is entitled to recover one-third of the medical expenses paid by TennCare because IRSI did not intervene in the case against Mr. Shear, and it did not assist Mr. Whitaker in "investigating, evaluating, prosecuting, negotiating or settling plaintiff's claim."

The right of an attorney to share in a subrogation where the subrogee did not ask for the attorney's assistance in protecting its interest was discussed at length in the case of *Travelers Insurance Co. v. Williams,* 541 S.W.2d 587 (Tenn. 1976). While noting that other jurisdictions have adopted different approaches, our Supreme Court held that each case must be decided by applying general fundamental principles of contract law to its particular facts, and that,

> ". . . whether or not an attorney is entitled to collect from the insurer a fee with respect to a subrogation claim depends upon whether an express or implied contract or quasi contractual relationship exists between them."

541 S.W.2d at 590.

The *Williams* Court examined the facts of that case, and found there to be no express or implied contract between the insurer and the insured's attorney. The court also found there to be no unjust enrichment, and therefore no quasi contractual relationship between them, despite the fact that the insured's attorney had secured the plaintiff insurance company's subrogation claim by reaching a settlement with the tortfeasor's insurance company. The Court reasoned that

> ". . . one is not unjustly enriched by a benefit "forced upon" him as the result of services voluntarily and officiously performed by another who has been expressly informed by the alleged promisor that his services are not desired.

541 S.W.2d at 590.

Like Mr. Williams' attorney, Mr. Whitaker had been expressly informed that the insuror did not desire his services, and that it was prepared to protect its own subrogation interest. Under the circumstances, there was no contractual relationship between Mr. Whitaker and TennCare that would entitle him to collect the attorney fees he requests.

### III.

The order of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Faye L. Green.


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.