IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2003 Session

## BANKERS TRUST COMPANY, v. TIMOTHY L. COLLINS and APRIL COLLINS, LOU ROBERTSON, and COMMERCIAL CREDIT PLAN, INCORPORATED

**Direct Appeal from the Chancery Court for Knox County**
**No. 148680-2     Hon. Daryl R. Fansler, Chancellor**

**FILED JUNE 30, 2003**

**No. E2002-02109-COA-R3-CV**

In this declaratory judgment action, the Trial Court held that recorded trust deeds and notes had priority over unrecorded trust deeds and notes and dismissed the action. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Edward T. Brading, Johnson City, Tennessee, for Appellant.

Stanley F. Roden, Knoxville, Tennessee, for Appellees.

**OPINION**

In this declaratory judgment action, the plaintiff made loans to Timothy L. And April Collins, which were secured by trust deeds which were not recorded. Subsequently, defendant made loans to the Collins secured by trust deeds which were recorded. Collins defaulted on the subsequent loans and defendant foreclosed on Collins' property which was sold to a third party. The parties stipulated documents which comprise the evidentiary record, and the Chancellor ruled in favor of defendant, and dismissed plaintiff's action.

The parties on appeal are Bankers Trust Company ("plaintiff") and Commercial Credit

Plan, Inc., ("defendant"). Plaintiff is the successor-in-interest to Advanta National Bank, also d/b/a Advanta Mortgage Corporation, although no assignment to Bankers of the account in question has been recorded. During the pendency of the case, Defendant changed its name to CitiFinancial, Inc., and defendant Lou Robertson was a trustee of the deeds of trust held by defendant. She was succeeded by Brian K. Warren as substitute trustee. Defendants Timothy Collins and April Collins are the homeowner of the subject property located in Knox County. April Collins was non-suited as a result of a discharge in bankruptcy. Timothy Collins failed to appear and defend; a judgment on sworn account for $120,986.05 was entered against him.

In February of 1999, Collins took out a loan with Advanta for $87,125.00 and a Home Equity Line of Credit for $15,375.00. Both loans were secured by deeds of trust on the Collins' property executed in favor of Advanta, but neither the deeds nor notes were recorded with the Knox County Register of Deeds. The loan proceeds paid off an existing mortgage held by Sterling Bank and Trust Company ("Sterling"), which filed a Release of its deed of trust with the register's office in June of 1999.

In April 1999, Collins obtained a loan in the amount of $93,731.21 from the defendant, and executed two notes and deeds of trust in favor of defendant on the same property. Defendant recorded both documents with the Knox County Register of Deeds on April 21, 1999. Defendant in its loan to Collins agreed to payoff the Advanta indebtedness. On April 7, 1999 Advanta provided the Collins the payoff amounts on the indebtedness. Defendant disbursed its check to Advanta in the amount of $74,788.00 as payoffs for the accounts in Timothy Collins' name. One month later, Advanta returned the check tendered in payment of the two loan accounts of Timothy Collins, stating it was unable to identify the proper loan for applying the funds. It did have record of two account numbers in the Collins name, but the check was insufficient to pay off those loans; and was therefore returned.

In June of 1999 Advanta declared the loan in default and threatened foreclosure. Collins hired an attorney who attempted to rectify the problem, twice advising Advanta that Collins stood ready to pay the account and counsel had the check in his possession, pending resolution of the problem. There is nothing in the record indicating what action Advanta expected or what steps it felt either party should take to conclude the matter.

The record shows that Advanta received a title examination of the subject property dated December 15, 1999. The title report prominently states that the February 1999 notes and deeds of trust in favor of Advanta had not been recorded. The report reflected the original Sterling mortgage, and reported were the two deeds of trust filed by defendant on April 21, 1999, and the lack of an assignment from Advanta to plaintiff.

Defendant foreclosed on its interest and the Collins property was sold by the substitute trustee to a bona fide purchaser on July 26, 2000. There are no issues pertaining to the regularity or validity of the foreclosure proceedings.

In September 2000, plaintiff filed its action for Declaratory Judgment. The Chancellor ruled in favor of the defendant and found that plaintiff's failure to record its deeds precluded any claim of constructive notice. The Court further held that defendant had not been unjustly enriched and

dismissed defendant from the action.

Where only questions of law are involved, the trial court's findings are reviewed *de novo* upon the record with no presumption of correctness on appeal. *Guffey v. Creutzinger,* 984 S.W.2d 219 (Tenn. Ct. App. 1998). Cases involving priority of rights among lienholders and mortgage holders where the facts are undisputed are solely questions of law. *ATS, Inc., v. Kent,* 27 S.W.3d 923 (Tenn. Ct. App. 1998).

Tenn Code Ann. § 66-26-103 provides:

**Unregistered Instruments Void as to Creditors and Bona Fide Purchasers:**
Any of such instruments not so proved or acknowledged and registered or noted for registration shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice.

There is nothing in the record to indicate that the letter from Advanta to Collins was furnished to defendant. The only evidence in the record as to what notice defendant had at the time it made the loan was the document styled: "Itemization of Account Financed" which sets forth the amount of the loan, prepaid finance charges and registration fees, and a "Schedule C: Paid to Others". Listed under this schedule is an amount of $74,788.10 with payee's name Advanta, and the reason being "payoff of account". There is simply no evidence that defendant had notice of Advanta's mortgage. The property securing all of the trust deeds has been sold to a bona fide purchaser for value, and as a matter of law is beyond the reach of the parties. The issue thus becomes whether on these facts the plaintiff is entitled to any equitable relief. We conclude it is not.

Subrogation is defined as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Blankenship v. Estate of Bain,* 5 S.W.3d 647, 650 (Tenn. 1999). It may arise by contract, by application of equitable principles of law, or by application of a statute. *Id.*

Subrogation is a creature of equity whose jurisprudence dates from Roman law. The cornerstone of the doctrine is the principle that "substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential and perfect justice between all the parties without regard to form." *Castleman Const. Co. v. Pennington,* 432 S.W.2d 669, 674 (Tenn. 1968) The Court cited *Couch on Insurance,* § 16:21 in a general review of the doctrine of subrogation:

To entitle one to subrogation, his equity must be strong and his case clear, since it will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others. Where equities are equal, there is no right to subrogation. However, subrogation will not be enforced against superior equities.

*Id.* at 675; *see also, Lawyer's Title Ins. Corp. v. United American Bank,* 21 F. Supp.2d 785, 792 n. 2 (W.D. Tenn. 1998). The equities weigh in defendant's favor. Or, at a minimum the equities are at least in equipoise, which will allow no equitable subrogation.

In this case the Advanta loan was transacted specifically to refinance the Sterling mortgage; Advanta did not pay the Sterling debt through fraud or mistake and is not entitled to subrogation to Sterling's rights (to the extent they existed) on this basis.

Equitable relief may be granted where one party pays the debt of another by mistake, but not where the party seeking relief is guilty of "culpable negligence." *Dixon v. Morgan,* 285 S.W. 558 (Tenn. 1926). As noted, plaintiff failed to record its documents for over one year, and was aware of another creditor's involvement with the same collateral as early as April or May 1999. Defendant attempted to pay off Advanta pursuant to the figures provided, and Advanta simply returned the check. Collins' counsel advised on at least two occasions that the debt would be paid and the matter concluded as soon as correct information was provided. In response, Advanta's last communication in the record dated August 5, 1999, simply stated: "The payoff figures are incorrect. The payoff check was returned to Commercial Credit because the funds were not sufficient to payoff the loans." There is no indication that it would thoroughly investigate the situation and provide the correct information. Plaintiff could have retained the check with notification that the amount tendered was insufficient to pay off the balance, or place the funds in escrow. Generally "where a party's remedy was "in his own hands" and he fail[s] to protect his interest, as a general rule, neither a court of law nor equity will intervene on his behalf." *Leeper v. Cook,* 688 S.W.2d 94 (Tenn. Ct. App. 1985). Plaintiff asserts that defendant was somehow negligent when, having knowledge of the Advanta loan, it attempted to pay it. Next, it is argues that defendant did not correct the error by re-issuing a check in the correct amount, despite there being no evidence that it ever forwarded an accurate figure to defendant.

The rationale to employ equitable subrogation is to prevent unjust enrichment. *See* Restatement (3rd) of Property Mortgages, § 7.6. In this case the Trial Court found, "Commercial Credit has not been unjustly enriched". The record supports this conclusion and we decline to invoke the doctrine of equitable subrogation to grant any relief to plaintiff.

We affirm the Judgment of the Trial Court for the reasons set forth and remand, with the cost of the appeal assessed to Bankers Trust Company.

---

HERSCHEL PICKENS FRANKS, J.

-4-