FILED

12/19/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2018 Session

**SHAWN T. SLAUGHTER V. GROVER T. MILLS ET AL.**

**Appeal from the Circuit Court for Hamilton County**
No. 11-C-434      Jeff Hollingsworth, Judge
_____

**No. E2017-02288-COA-R3-CV**
_____

This matter involves Hamilton County's attempt to recover funds it paid, through its on-the-job injury program, on behalf of one of its employees, Shawn T. Slaughter. Mr. Slaughter was injured while riding in a County vehicle when that vehicle collided with another vehicle; he filed suit against the drivers and the County. Prior to trial, Mr. Slaughter settled with one of the defendant drivers. After trial, having been found not at-fault by the jury, the County attempted to assert a lien against settlement. The trial court held that the County does not have a contractual or statutory basis for a lien against Mr. Slaughter's settlement. It further held that, because Mr. Slaughter was not made whole by his settlement, the County is not entitled to subrogation. The County filed a motion for reconsideration and requested a ruling on its asserted constitutional basis for recovery. The court denied the County's motion. The County appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

J. Micah Guster, Chattanooga, Tennessee, for the appellant, Hamilton County.

Marvin Berke, Chattanooga, Tennessee, for the appellee, Shawn T. Slaughter.

**OPINION**

**I.**

Mr. Slaughter worked for Hamilton County as an EMT.[1] On April 5, 2010, another County employee was driving an ambulance while Mr. Slaughter tended to a

_____
[1] Emergency Medical Technician

patient in the back. A motor-vehicle collision occurred; Mr. Slaughter was injured. He sued the drivers of the two vehicles and Hamilton County.

Hamilton County does not participate in Tennessee's workers compensation program. Instead, it operates a self-funded on-the-job injury compensation program. The program provides coverage to relevant employees for losses caused by injuries the employee experiences while working for the County. The program is budgeted from tax dollars and the County's general fund. The County engages a third-party administrator to handle claims.

In accordance with its on-the-job injury program obligations, the County paid approximately $7,512.29 in assorted benefits for Mr. Slaughter attributable to the collision. The County filed a lien against any recovery obtained by Mr. Slaughter aiming to recover the funds it spent on his medical care and time off of work. Prior to trial, Mr. Slaughter settled his claims against Grover Mills, a defendant driver, for $24,600 and released him from further liability. After trial, the jury found Mr. Mills one-hundred percent (100%) at fault, and awarded Mr. Slaughter $58,000 in damages.

The County subsequently sought to assert a lien against Mr. Slaughter's pre-trial settlement. The court conducted a hearing regarding the lien; neither a transcript of the lien hearing nor a statement of evidence was provided on this appeal. However, the resulting July 13, 2017 order suggests that Mr. Slaughter "object[ed] to payment of any money to the County. He argue[d] that he was not 'made whole' by the settlement and therefore, the County cannot recover." In response, the court stated that the County "claim[ed] it has a lien and the 'made whole' doctrine does not apply."

In its order entered July 13, 2017, the court denied the County's lien interest, holding that

> [I]n Blankenship v. Estate of Bain, 5 SW3d 647 (Tenn. 1999), the Supreme Court dealt with the "made whole" doctrine, which applies to subrogation claims. The court also discussed the difference between subrogation claims and liens. As to liens, the court said they can be established by statute or contract. There is no evidence in this case of a contractual lien between Mr. Slaughter and the County. The County apparently relies on the statutory lien created for employers in the Worker's Compensation (sic) statutes. See T.C.A. § 50-6-112(c)(1). However, the County is not part of the Worker's (sic) Compensation system. It is exempt from Workers Compensation, unless it chooses to "opt in." It has not done so. Therefore, the subrogation lien created by T.C.A. § 50-6-112 does not apply.

The court then held that "[u]nder the evidence in this case, the County does not have a lien against Mr. Slaughter's settlement." Mr. Slaughter's jury verdict was for $58,000 and he was only able to recover $24,600 in the settlement; the court therefore held that because Mr. Slaughter was not made whole by his settlement, "the County is not entitled to subrogation."

On August 10, 2017, the County filed a motion for reconsideration. Therein, the County asked the court to reconsider its previous ruling, and it requested a ruling on its "constitutional claim." Hamilton County's motion argued that it had asserted a claim under Article 2, Section 29 of the Tennessee Constitution, which states that

> the credit of no County, City or Town shall be given or loaned to or in aid of any person…except upon an election to be first held by the qualified voters of such county, city, or town, and the assent of three-fourths of the votes cast at said election.

Tenn. Const. art. II, § 29. The County argued that this "could be a basis for Hamilton County's lien not included in the statutory or contractual nature of Plaintiff's claim." It suggested that "even if the Court finds that there is no contract or statute applying to his situation, the Court can rule Hamilton County's lien has a constitutional basis as no county can give or loan credit to any person without an election." On September 18, 2017, a hearing was conducted on the motion, of which a transcript was made.

On October 23, 2017, the court entered its order denying the County's motion. At the conclusion of the motion hearing, the court held that the constitutional provision advanced by the County does not apply. The court held that

> [i]n regard to the constitutional argument, I've already expressed that I do not think Article II, Section 29 of the Tennessee Constitution applies to this situation. I don't think this is -- what's the term used? A credit being extended by the County to, to someone outside the County. As I said, this is a part of the County's contract with its employee. We will pay you this for your efforts and your skills and your time. Part of "this" is this on-the-job injury fund and what comes with that. Now, there's no doubt that had Mr. Slaughter been made whole, then the City might -- I mean the County may be entitled to a -- to a lien to recover that. But it was clear to me that under these circumstances, he was not made whole.

On November 21, 2017, the present appeal was filed.

**II.**

Hamilton County argues on appeal that the made whole doctrine cannot apply to Hamilton County and that the Tennessee Constitution allows Hamilton County to pursue its lien, which are issues of law. Mr. Slaughter argues that the County's notice of appeal was untimely.

**III.**

As a preliminary matter, Mr. Slaughter argues that Hamilton County's notice of appeal is untimely. As noted above, on July 13, 2017, the trial court entered its order on the County's alleged lien. Less than a month later, on August 10, 2017, the County filed its motion to reconsider the court's previous opinion. It was not until nearly a month after the court entered its October 23, 2017 order on the motion to reconsider that the County filed its notice of appeal. Mr. Slaughter argues that, because motions to reconsider are not listed in the applicable rules of civil and appellate procedure as one that tolls commencement of the thirty-day period for filing a notice of appeal, the November 21, 2017 filed notice of appeal is untimely. The County counters that the motion to reconsider was, in substance, a Rule 59.04 motion to alter or amend the judgment that allowed the court to retain jurisdiction and tolled commencement of the time for filing a notice of appeal.

The Supreme Court has instructed that courts are to consider "the substance of a post-trial motion, rather than its form." *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453 (Tenn. 1998). The motion to reconsider filed by the County was, in substance, a Rule 59.04 motion to alter or amend the initial judgment of the trial court. The motion to reconsider was filed within thirty days of the July 13, 2017 order of the court, and therefore the court retained jurisdiction to rule on the motion. The thirty-day time period for filing the notice of appeal did not commence until the court entered its October 23, 2017 order, and therefore the November 21, 2017 notice of appeal was timely.

**IV.**

Hamilton County argues, without citation to proper supporting authority, that Mr. Slaughter "waived his standing to object to the lien." The trial court stated in its July 13, 2017 order following the lien hearing that "Mr. Slaughter object[ed] to payment of any money to the County." The record available before us does not indicate that Mr. Slaughter did anything other than consistently deny any alleged debt to Hamilton County. The "existence of a lien presupposes the existence of a debt." *West v. Shelby Cty. Healthcare Corp.*, 459 S.W.3d 33, 42 (Tenn. 2014). Given that Mr. Slaughter denied the

-4-

existence of a debt obligation throughout the present matter, it follows that he opposed the purported lien, and therefore he did not waive his right to object.

## V.

As noted above, the trial court held that there was no contractual or statutory basis presented for the County to assert its lien. It also denied the County's claim of a constitutional basis for recovery, a decision which the County appeals. The County had argued that Article II Section 29 of the Tennessee Constitution mandates its right to recover; however, as noted above, the trial court held that the provision is inapplicable. The court held that the County's "[on-the-job injury program] is a part of the County's contract with its employee. We will pay you this for your efforts and your skills and your time." We agree with the trial court's assessment and affirm its holding that the asserted constitutional provision is not implicated in the present matter, and it therefore cannot serve as a basis for recovery.

Next, the court held that the County is not entitled to subrogation, because Mr. Slaughter was not made whole by his settlement. In so holding, the court looked briefly to the Supreme Court's opinion, in **Blankenship v. Estate of Bain**, where the Supreme Court held that the state was not entitled to subrogation or reimbursement for funds paid through its medical assistance program until the recipient was made whole. **Blankenship v. Estate of Bain**, 5 S.W.3d 647 (Tenn. 1999). In **Blankenship**, the Supreme Court dealt with an insurance company seeking to recover under a statutory right to subrogation – distinguishable from the present matter; however, the Supreme Court began its analysis by reviewing the established principles of subrogation, and we find their review and discussion illustrative. In **Blankenship**, the Supreme Court found no exemption from the made whole doctrine in the statute at issue that granted subrogation rights to the state. The Court stated that it proceeds with the presumption that the legislature is aware of the existing state of the law and had the legislature intended an exemption to the principle, it could simply have stated in precise language that the subrogation right in the context of the medical assistance program is not subject to the requirement that an injured party first be made whole for his or her loss. *See **Blankenship v. Estate of Bain***, 5 S.W.3d 647, 651-52 (Tenn. 1999). Absent such expression, the principle that subrogation is subject to the made whole doctrine remains. Similarly here, the County has not indicated a sufficient legal basis for its contention that it is exempt or excepted from the principle that subrogation is subject to the made whole doctrine. The County instead argues broadly that

> [u]pholding [] the trial court's ruling presents potential unfunded liabilities that could accrue into the thousands of dollars towards multiple tortfeasors for cities and counties…The very nature of the made whole doctrine ensures that the County is never able to recoup funds paid on

behalf of its employees because the employee is never made whole.

\*     \*     \*

[r]efusing to remove the barrier of the made whole doctrine will likely result in municipalities terminating such benefits in the future because maintaining such benefits will become too uncertain, making planning, budgeting, and meeting the municipality's fiduciary duty to taxpayers nearly impossible.

\*     \*     \*

We decline the County's request to "remove the barrier of the made whole doctrine." It is the purview of the legislature to carve such an exception for counties and/or local governments, if it so chooses. *See e.g.* Tenn. Code Ann. § 71-5-117 (following **Blankenship**, *supra*, the statute was amended to create a statutory right for the state to subrogation under the medical assistance program: "[i]t is the intention of the general assembly that subsections (f) through (i) be used in lieu of application of the 'made whole' doctrine for any recovery authorized under this section.") There being no such basis for an exception or exemption before us, we affirm.

## VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Hamilton County. Case remanded for collection of costs on appeal.

_____
CHARLES D. SUSANO, JR., JUDGE