December 22, 1997

FOR PUBLICATION

FILED

December 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

BILLY CASTLEMAN,                    (

    Plaintiff-Appellant,        (   Madison Circuit

                                (   Hon. Franklin Murchison,
                                (   Judge

v.                                  (

                                (   Appeal No. 02S01-9703-CV-00018

                                (

ROSS ENGINEERING, INC.,             (

    Defendant-Appellee.         (


For Plaintiff-Appellant:                For Defendant-Appellee:

T. Robert Hill                          William B. Walk, Jr.
Randall J. Phillips                     John R. Cannon, Jr.
Hill, Boren, P.C.                       The Hardison Law Firm, P.C.
Jackson                                 Memphis


**O P I N I O N**


JUDGMENT OF TRIAL COURT AFFIRMED;
JUDGMENT OF COURT OF APPEALS
AFFIRMED; CASE REMANDED TO TRIAL COURT.                    REID, J.

This case presents for review the issue of whether, in a tort action for personal injuries, an employer's workers' compensation insurance carrier is entitled to enforcement of a subrogation claim for benefits paid to the employee, where at trial, fault was attributed to the employee and to the employer. The trial court allowed reimbursement for the entire amount of the benefits paid to the employee and the Court of Appeals affirmed. The judgment of the Court of Appeals and the trial court allowing enforcement of the subrogation claim pursuant to Tenn. Code Ann. § 50-6-112 (1991) is affirmed.

I

On November 3, 1989, the plaintiff, Billy Castleman, an employee of a subcontractor, Jack Castleman d/b/a J.E.C. Electric Company, sustained a compensable injury under the workers' compensation law, for which the general contractor's workers' compensation insurance carrier, Hartford Accident and Indemnity Company, paid the plaintiff benefits in the approximate amount of $100,000.

A tort action for personal injuries was filed by the plaintiff against a third party, Ross Engineering, Inc., on April 3, 1990. Hartford filed an intervening petition, asserting a subrogation right and a lien pursuant to Tenn. Code Ann. § 50-6-112(c)(1)(1991) on any recovery by the plaintiff from Ross Engineering.

The case was tried on March 4, 1993, 10 months after the release of the decision in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992).[1]  The case was submitted to the jury on instructions that fault could be apportioned among the plaintiff, Castleman, the defendant, Ross Engineering, and the employer, J.E.C. Electric.  The jury found damages of $1,500,000, and attributed 68 percent of the fault to the defendant, 16 percent of the fault to the plaintiff, and 16 percent of the fault to the employer.  The court entered judgment against Ross Engineering for $1,020,000, 68 percent of the $1,500,000.  The plaintiff did not appeal from the judgment on the jury verdict.

On May 26, 1993, the plaintiff acknowledged full satisfaction of the judgment, and the plaintiff received from Ross Engineering full payment of the amount of the judgment less $100,000, which was retained by consent pending resolution of Hartford's subrogation claim.  By order entered on July 7, 1995, Hartford was awarded the $100,000 claimed, less attorneys fees and expenses incurred in pursuing the third-party claim, a net amount of $68,489.

On appeal to the Court of Appeals, the plaintiff contested the subrogation award to Hartford, insisting that Hartford's right to subrogation was conditioned on the

---

[1]In McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), the "all-or-nothing rule of contributory negligence" was replaced with principles of comparative fault so that "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff."  Id.  at 57.

plaintiff's recovery of the damages for fault attributed to the employer as well as fault attributed to Ross Engineering. The Court of Appeals rejected the plaintiff's contention and affirmed the trial court's decision.

## II

The plaintiff does not deny that Hartford has a subrogation claim against the third party judgment for the total amount of workers' compensation benefits paid to the plaintiff. Section 50-6-112 (1991) provides that when the injury compensated under the Workers' Compensation Law was caused by the negligence of a third party, the injured employee may pursue an action against the third party.[2] Subsection (c)(1) provides as follows:

> In [the] event of such recovery against
> such third person by the worker, or by those
> to whom such worker's right of action
> survives, by judgment, settlement or
> otherwise, and the employer's maximum
> liability for workers' compensation under
> this chapter has been fully or partially paid
> and discharged, the employer shall have a
> subrogation lien therefor against such
> recovery, and the employer may intervene in
> any action to protect and enforce such lien.

The plaintiff insists, however, that the enforcement of that

---

[2]"When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or such injured worker's dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom such injured worker's right of action survives at law, may pursue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person." Tenn. Code Ann. § 50-6-112(a)(1991).

right is conditioned upon the employee, as the subrogor, being "made whole." The plaintiff defines "made whole" as being able to recover for all damages found by the jury except damages representing fault attributed to him. In this case, recovery making the plaintiff whole would include the approximately $240,000,000 for damages attributed to the fault of the employer, J.E.C. Electric.[3]

Analysis of the plaintiff's contention requires consideration of the plaintiff's alternative position, that this is a transitional case (which previously has meant a case commenced before the opinion in McIntyre was released) in which his rights should not be unfairly compromised by the adoption of the principles of comparative fault. The Court has held that "transitional case[s] . . . must be tried according to the principles of comparative fault to the extent that the application of those principles [do] not impose upon any party a substantial injustice." Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996). The plaintiff asserts that in this case, application of "post-McIntyre" principles would work a substantial injustice to him. He relies upon the decisions in Owens v. Truckstops of America, 915 S.W.2d 420 (Tenn. 1996) and Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79 (Tenn. 1996).

---

[3] "The exclusive remedy provision of the Workers' Compensation Act, Tenn. Code Ann. §50-6-108(a), eliminates any tort liability on the part of the employer." Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 81, n. 2 (Tenn. 1996).

The cases of <u>Owens v. Truckstops of America</u> and <u>Ridings v. Ralph M. Parsons Co.</u>, illustrate the Court's approach to transitional cases.  In <u>Owens v. Truckstops of America</u>, the case had been pending for more than three years when the opinion in <u>McIntyre</u> was released.  The plaintiff then sought to amend his complaint to add two additional alleged tortfeasors as defendants; those parties claimed that the plaintiff was barred from suing them by the statutes of limitations.  The Court noted that "application of comparative fault principles in this case would limit the plaintiff's recovery to that portion of the damages corresponding to the fault attributable to [the originally named defendant] without granting to the plaintiff the benefit of other rights recognized in <u>McIntyre</u>, and, therefore, could impose upon him a significant unfairness."  <u>Owens v. Truckstops of America</u>, 915 S.W.2d at 426.  The Court held that "fairness and efficiency must be the controlling principles in adjudicating those cases commenced prior to the decision in <u>McIntyre</u> which cannot be conformed to all of the procedures contemplated by the doctrine of comparative fault."  <u>Id</u>. at 424. The Court devised a remedy to prevent injustice to the parties, finding, "the equitable results contemplated by the doctrine of comparative fault can be best accomplished in this case by not relieving [the named defendant] of the joint and several liability which existed when the plaintiff's cause of action against [it] accrued, and by allowing [the named defendant] to pursue its third-party claims against [the other two tortfeasors]."  <u>Id</u>. at 434.

In the case of <u>Ridings v. Ralph M. Parsons Co.</u>, the tort defendants sought to assert as an affirmative defense that the employer contributed to the employee's injuries. The defendants argued that under <u>McIntyre</u>, "fault can be attributed to the employer, and the liability of the defendants [could] be decreased accordingly, without the imposition of liability upon the employer." <u>Ridings v. Ralph M. Parsons Co.</u>, 914 S.W.2d at 81. Though <u>Ridings</u> was a transitional case,[4] the Court found that "application of comparative fault principles to this case requires no transitional procedure [because] the acts and omissions of an employer covered by the worker's compensation law neither enlarge nor limit the rights or liabilities of any party to a tort action by an employee governed by the doctrine of comparative fault." <u>Id</u>. at 80-81. The Court concluded that "fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort." <u>Id.</u> at 81.

This holding was affirmed in <u>Snyder v. LTG Lufttechnische GmbH</u>, ___ S.W.2d ___ (Tenn. 1997), where the Court stated:

> . . . [T]he employer cannot be found to be the proximate, or legal, cause of the plaintiff's injuries because the employer is immune from tort liability under Tenn. Code Ann. § 50-6-108(a). By enacting Tenn. Code Ann. § 50-6-108(a), the legislature has already determined that for policy reasons the employer may not be the legal cause of

---

[4]The complaint in <u>Ridings</u> was filed over a year before the opinion in <u>McIntyre</u> was released.

the plaintiff's injuries.

Id. at ___ [slip op. at 11].

A review of the proceedings in this case shows that, like in Ridings, the plaintiff's rights have not been adversely affected by the principles of comparative fault. The plaintiff, because he was covered by the workers' compensation law, did not have a right to sue his employer in tort prior to or subsequent to the adoption of comparative fault. See Tenn. Code Ann. § 50-6-108(a). His right to sue a third party tortfeasor was not affected by the comparative fault requirement that the jury reduce the award against a third party tortfeasor by the percent of the total fault attributed to the plaintiff. In fact, a finding by the jury that he was partially at fault would have precluded any recovery by him prior to McIntyre. See McIntyre v. Balentine, 833 S.W.2d at 54.

The only way in which the plaintiff's right to recover has been affected adversely in this case was by the attribution of a portion of the fault to the employer. As discussed previously, this issue was specifically resolved in Ridings, an opinion which was released after the trial in this case. Under Ridings, the trial court erred in instructing the jury that fault could be attributed to the employer, and the plaintiff would have been entitled to relief from that error on appeal. However, the plaintiff did not appeal, but instead accepted payment of the

-8-

judgment awarded against Ross Engineering as satisfaction in full for his cause of action. Of course, this Court cannot provide relief for errors that are not preserved on appeal.

The decisions governing the application of comparative fault principles have sought to achieve fairness to the parties within the constraints of statutory law providing immunity in particular situations:

> Limiting the parties to whom fault may be attributed to those subject to liability, accomplishes the policy objectives of fairness and efficiency. Since liability is several and is in direct proportion to legal fault, each defendant will be liable only for the percentage of the damages caused by it. Since fault is limited to the plaintiff and those against whom the plaintiff has a cause of action, the plaintiff is not denied the right to recover those damages to which it is entitled. However, the plaintiff will bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced.

Ridings v. Ralph M. Parsons Co., 914 S.W.2d at 83.

The plaintiff's rights as they existed prior to the release of the decision in McIntyre have not been adversely affected by the adoption of the principles of comparative fault; consequently, this is not a transitional case entitled to special consideration.

This conclusion also resolves the plaintiff's primary

contention, that the insurer is not entitled to enforce its right of subrogation because the plaintiff has not been "made whole." The plaintiff acknowledges that Hartford has a subrogation claim for benefits paid under the workers' compensation law but, asserting principles of equitable subrogation,[5] insists that the subrogation claim is not enforceable unless the employee has recovered the full amount of the damages not attributed to his own fault.

The statute creating the subrogation claim does not by its terms condition the claim upon the employee obtaining a full recovery of damages sustained. The subrogation lien attaches to "the net recovery collected" and secures the amount "paid" by the employer or the amount of the employer's "future liability, as it accrues."[6] It appears that, under the statute, the subrogation

---

[5]Plaintiff relies primarily on rules set forth in <u>Castleman Construction Co. v. Pennington</u>, 432 S.W.2d 669 (Tenn. 1968).

[6]Tenn. Code Ann. § 50-6-112(c) provides:

(1) In [the] event of such recovery against such third person by the worker, or by those to whom such worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien.

(2) In the event the net recovery by the worker, or by those to whom such worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

(3) In the event the worker, or those to whom such worker's right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement or otherwise, without intervention by the employer, the employer

-10-

lien attaches to any recovery from the tortfeasor "by judgment, settlement or otherwise." Id. Consequently, even if under equitable principles of subrogation the employer was not entitled to assert the subrogation lien, the statute specifically creates that right.

The record does not support the premise on which the plaintiff bases his argument, that he has not been made whole. Further, the plaintiff has asserted no basis on which the subrogation claim created by statute should be denied.

The judgment of the Court of Appeals is affirmed.

The case is remanded to the trial court.

Costs will be paid by the plaintiff.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
    and Holder, JJ.

_____

shall nevertheless, be entitled to a credit on the employer's
future liability for workers' compensation, as it accrues under
this chapter, to the extent of the net recovery.