# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### January 19, 2011 Session

## JOSHUA COOPER, ET AL. V. LOGISTICS INSIGHT CORP., ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 08-0105-CV     Robert E. Corlew, III, Chancellor**

———

**No. M2010-01262-COA-R3-CV - Filed May 16, 2011**

———

This appeal arises out of a personal injury lawsuit, wherein plaintiff filed suit for injuries suffered in the course of his employment. Plaintiff's employer was allowed to intervene to assert a subrogation lien to recover workers' compensation benefits paid to plaintiff. Plaintiff settled his claim against the defendants, and an order of voluntary dismissal was entered. The intervenors moved to set the case for trial, asserting that the settlement between plaintiffs and defendants was negotiated without the consent of the intervenors and did not take into account plaintiff's future medical expenses, for which intervenors would be responsible. The trial court granted the intervenors' motion to set the case for trial, but subsequently dismissed the intervening petition, finding that the settlement resolved all claims against the defendants and that the intervening petition failed to state a claim upon which relief could be granted. Finding that dismissal of the intervening petition was error, the judgment of the trial court is reversed and the case remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Case Remanded

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Daniel Carlton Todd, Nashville, Tennessee, for the appellants, MasterStaff, Inc. and Discover RE.

Mark A. Baugh, Marnee L. Baker, and Scott D. Carey, Nashville, Tennessee, for the appellees, Logistics Insight Corp., ProLogistics, Inc., and Joe Murray.

Michael Ben Moore, II and Clifton B. Sobel, Jr., Nashville, Tennessee, at trial for the plaintiffs, Joshua Cooper and Destiny Cooper.

**OPINION**

## I. BACKGROUND

Joshua Cooper was employed by MasterStaff, Inc. and, as asserted in the amended complaint, was assigned to work as a tow motor operator for either Logistics Insight Corp. ("Logistics Insight") or ProLogistics, Inc. ("ProLogistics"). On January 14, 2008, Mr. Cooper was operating a tow motor while unloading a trailer at a warehouse in Smyrna, Tennessee. The trailer was attached to a tractor truck leased by ProLogistics that was being operated by Joe Murray—an employee of ProLogistics. Mr. Cooper fell from the trailer and sustained injuries to his back and spine.

On January 22, Mr. Cooper and his wife, Destiny Cooper, ("plaintiffs") filed a personal injury lawsuit against Logistics Insight, ProLogistics, and Joe Murray ("defendants").[1] On April 14, 2008 MasterStaff and Discover RE[2] ("intervenors") moved the court pursuant to Tenn. R. Civ. P. 24.01 and 24.03 for an order allowing them to file an intervening petition to assert and protect a subrogation lien for medical benefits and temporary workers' compensation benefits that had been paid to plaintiff and for any future benefits that might be paid. The trial court granted the motion to intervene, and the Intervening Petition was filed on May 27.

On January 22, 2010, a notice and order of voluntary dismissal with prejudice was entered as to the defendants. On February 19, intervenors filed a motion to set the case for trial, asserting that plaintiffs and defendants had reached a settlement agreement without the consent of the intervenors "at a time when [intervenors] were actively obtaining expert medical proof as to reasonable future medical expenses anticipated for Plaintiff/Employee, Joshua Cooper"; intervenors also claimed that the order of voluntary dismissal was not a final order in that it did not dispose of all of the claims between the parties. Plaintiffs and defendants filed a joint objection to the motion to set, asserting that the matter had been dismissed with prejudice and that the intervenors had no standing to move the court to set the dismissed matter for trial; they also asserted that plaintiffs had fully compensated the intervenors for the full amount of their subrogation claim arising out of plaintiffs' Complaint. Over the opposition of plaintiffs and defendants, the court granted the motion to set.

---

[1] The complaint also originally named Nissan North America, Inc., Central Transports, Inc., Staff Mark, Inc., MJM First Ltd. Partnership, and John Doe as defendants. However, on motion of the plaintiffs, the trial court entered an order of voluntary dismissal against those parties on April 24, and an amended complaint was filed naming Logistics Insight, ProLogistics, and Joe Murray as defendants.

[2] Discover RE was the workers compensation benefit carrier for MasterStaff.

Before the matter could proceed to trial, defendants filed a motion to dismiss the intervening petition for failure to state a claim, arguing that the intervenors were not entitled to a credit for future medical expenses under Tennessee law and did not have an independent claim against defendants. The court held that the notice and order of voluntary dismissal resolved all claims pending against the defendants and that the intervenors failed to state a claim upon which relief could be granted; the court dismissed the petition.

Intervenors appeal, raising two issues: whether, as a matter of law, an injured employee and third party tortfeasor can negate an intervening employer's subrogation interest related to future medical expenses pursuant to Tenn. Code Ann. § 50-6-112 by settlement without the consent of the actively participating employer and whether the trial court erred in dismissing the intervenors' claims for equitable or common law subrogation.

## II. ANALYSIS

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not the strength of plaintiff's proof. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994) (citing *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* (citing *League Cent. Credit Union v. Mottern*, 660 S.W.2d 787, 789 (Tenn. Ct. App. 1983)). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Id.* (citing *Fuerst*, 566 S.W.2d at 848). Because review of a grant of a motion to dismiss is a question of law, our review is de novo, with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*A. Intervenors' Right to Subrogation of Future Medical Expenses under Tennessee's Workers' Compensation Law*

Intervenors claim the statutory right to intervene granted at Tenn. Code Ann. § 50-6-112(c)(1) to protect and enforce their lien as grounds for their intervention. In the intervening petition, they alleged, *inter alia*, the following:

> 3. On January 14, 2008, Joshua Cooper and the Intervening Petitioners were subject to and operating under the terms of the Tennessee Workers' compensation Act. Pursuant to that Act, the Intervening Petitioners have paid certain workers' compensation benefits to Joshua Cooper. As of the date of filing the Motion to Intervene, the Intervening Petitioner has paid workers' compensation medical benefits in the amount of $1,399.74. In addition, further workers' compensation benefits may be paid in the future.

3

4. Pursuant to Tennessee Code Annotated § 50-6-112, the Intervening Petitioners have a subrogation lien for the amounts paid under the Tennessee Worker's Compensation Act against any recovery which may be made by the Plaintiff Joshua Cooper in this Rutherford County lawsuit, and against any other parties. The Intervening Petitioners assert that any recovery made by the Plaintiff Joshua Cooper in this litigation should first be paid to the Intervening Petitioners to satisfy the subrogation lien as to the workers' compensation benefits which have ben paid to date and as to those benefits which may be paid in the future.

On appeal, intervenors assert that they properly alleged and sought to prove "known reasonable and necessary future medical expenses likely to be incurred" but that they were prevented from doing so; as a result, intervenors contend, the settlement between plaintiffs and defendants has shifted a "substantial share of plaintiff's loss to the intervening petitioners." Defendants, relying on *Hickman v. Continental Baking Company*, 143 S.W.3d 72 (Tenn. 2004) and *Graves v. Cocke County*, 24 S.W.3d 285 (Tenn. 2000), contend that the intervenors "are not entitled to a credit for medical expenses that have not been incurred and are speculative."

Subrogation liens of employers providing workers' compensation benefits are governed by Tenn. Code Ann. § 50-6-112. Tenn. Code Ann. § 50-6-112(a) permits an injured employee who receives workers' compensation benefits to pursue an action against the third party tortfeasor who caused or contributed in causing the employee's injury. Tenn. Code Ann. § 50-6-112(c)(1), (2) states:

(1) In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

(2) In the event the net recovery by the worker, or by those to whom the worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

In *Graves*, the plaintiff filed suit to recover workers' compensation benefits when he was severely injured in a car accident. *Graves*, 24 S.W.3d at 286. While the workers' compensation action was pending, the employee filed suit against the driver of the other car

4

involved in the accident; that suit was eventually settled for $138,000. *Id.* In the workers' compensation action, the parties agreed that the employee was permanently disabled and should receive a lump sum award and that the employee would pay $77,998.57 to the employer, representing the employer's subrogation interest for medical expenses that had been paid; a trial was held on the issue of whether the employer was entitled to an additional credit for future medical expenses. The trial court held that the employer was not entitled to a credit for future medical expenses; the employer appealed.

The issue before the Supreme Court was whether the employer was entitled to a credit under Tenn. Code Ann. § 50-6-112 for future medical payments made on behalf of the employee when the employer and employee settled their workers' compensation suit for a lump sum award. The Court agreed with the employee that, because future medical expenses are, by their very nature, unpredictable and incapable of being calculated, they should not be included in the credit at Tenn. Code Ann. § 50-6-112(c). The Court held:

> Accordingly, we hold that the "credit on the employer's future liability" as used in Tenn. Code Ann. § 50-6-112(c)(2), (3) does not encompass future medical payments when the parties have settled the case for a lump sum award. This construction of the statute recognizes the importance of finality in lump sum cases and avoids the other problems noted above.

*Graves*, 24 S.W.3d at 288.

The plaintiff in *Hickman* suffered an injury while working and filed a tort action against a third party as well as a workers' compensation suit against his employer. *Hickman*, 143 S.W.3d at 74. *Id.* The tort suit was settled for $552,000, but employer was not notified of the settlement for nearly two months, after the settlement proceeds had been distributed to the plaintiff. *Id.* At the trial of the workers' compensation case, the court held, *inter alia*, that the plaintiff was entitled to future medical expenses and, relying on *Graves,* that the credit at Tenn. Code Ann. § 50-6-112 (c)(2) did not apply to the future medical expenses. On appeal, the Supreme Court held that, while the employer was entitled to the credit against future liability for workers' compensation benefits, the credit did not apply to future medical expenses.

We do not believe that *Graves* and *Hickman* stand for the proposition that, as a matter of law, future medical expenses are in all circumstances too speculative to be included in the credit available to an employer under Tenn. Code Ann. § 50-6-112(c)(2). Rather, the language in *Hickman* that an employer "is not entitled to a credit against future liability for medical expenses that are *unknown or incalculable at the time of the trial*" indicates that such a determination is a factual inquiry, not a question of law. *Hickman*, 143 S.W.3d at 78 (emphasis added). Because the trial court in this case granted the defendants' motion to dismiss, it did not determine whether the medical expenses sought by intervenors were

5

"unknown" or "incalculable." Intervention in the tort suit was proper under Tenn. R. Civ. P. 24 to assert their rights under Tenn. Code Ann. § 50-6-112, and intervenors were entitled to present proof as to the likelihood and amount of future medical expenses they would incur on behalf of Mr. Cooper to protect their rights to a credit under § 50-6-112(c)(2).[3]

### B. Assignment of Plaintiffs' Claim to Intervenors

Intervenors also contend that, under Tenn. Code Ann. § 50-6-112(d)(2), "plaintiff's conduct [in dismissing the lawsuit] should be deemed a failure to bring the action, within the meaning of [Tenn. Code Ann. § 50-6-112(d)(2)] . . . and should operate as an assignment to the intervening petitioners as provided in said section."

Tenn. Code Ann. § 50-6-112(d)(2) provides:

Failure on the part of the injured worker, or those to whom the injured worker's right of action survives, to bring the action within the one-year period shall operate as an assignment to the employer of any cause of action in tort that the worker, or those to whom the worker's right of action survives, may have against any other person for the injury or death, and the employer may enforce the cause of action in the employer's own name or in the name of the worker, or those to whom the worker's right of action survives, for the employer's benefit, as the employer's interest may appear, and the employer shall have six (6) months after the assignment within which to commence the suit.

Pursuant to the wording of the statute, the right of the injured employee to pursue an action against a third party is assigned to the employer only when the employee fails to file the action. In this case, the injured employer filed the suit against the third-party tort-feasor; consequently, the statute is not applicable.

### C. Equitable Subrogation

In the intervening petition, intervenors alleged in pertinent part:

5. Alternatively, the Intervening Petitioners have a common law and equitable right of subrogation and assert that any recovery made by Plaintiffs in this litigation should first be paid to the Intervening Petitioners to satisfy their subrogation lien as to workers' compensation benefits which have been paid to date and those which may be paid in the future.

---

[3] Inasmuch as intervenors did not participate in settlement negotiations, they could not assert or protect what rights they had to the credit for future benefits under the statute.

6

In their brief on appeal, intervenors assert that, in light of the specific facts of this case, they are entitled to equitable or common law subrogation for current and future workers' compensation benefits.

In *Blankenship v. Estate of Bain*, the Supreme Court explained that:

> A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of a statute ("statutory subrogation"). It is based on two fundamental premises: 1) that an insured should not be permitted recovery twice for the same loss, which would be the potential result if the insured recovers from both its insurer and a tortfeasor; and 2) that the tortfeasor should compensate the insurer for payments the insurer made to the insured.

*Id.* at 650. In *Greenlaw v. Pittit*, 11 S.W. 357 (Tenn. 1891), the right of subrogation was said to be "a pure equity" that will be enforced only in favor of a meritorious claim.

Intervenors' right to subrogation derives from Tenn. Code Ann. § 50-6-112(c). As noted in *Blankenship*, a right of subrogation may also arise under equitable principles. The record does not include details of the settlement reached between plaintiffs and defendants; consequently, we cannot determine whether an equitable right of subrogation exists.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Chancery Court of Rutherford County is REVERSED and the case REMANDED.

_____
RICHARD H. DINKINS, JUDGE