**FILED**

**November 27, 2017**

**TN COURT OF WORKERS' COMPENSATION CLAIMS**

**Time: 2:45 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **FRANCIS SHIRLEY,** | ) | **Docket No.: 2017-03-0570** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 67377-2014** |
| **CONSOLIDATED NUCLEAR** | ) | |
| **SECURITY, LLC,** | ) | **Judge Pamela B. Johnson** |
| **Employer.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on October 25, 2017, for a Compensation Hearing. The central legal issues are: whether Mr. Shirley demonstrated by a preponderance of the evidence (1) that he has noise-induced occupational hearing loss predominantly caused by his assigned work area by Consolidated Nuclear Security, LLC (CNS) ending on his retirement in April 2015; and (2) that he gave timely notice of his hearing loss claim and filed his Petition for Benefits Determination (PBD) within the one-year statute of limitations. For the reasons set forth below, this Court finds Mr. Shirley established by a preponderance of the evidence that he sustained an injury primarily arising out of and in the course and scope of his employment, gave timely notice, and filed his PBD within the statute of limitations. Accordingly, the Court holds Mr. Shirley is entitled to the requested benefits.

### History of Claim

The following facts were established through the stipulations and evidence presented during the hearing. Mr. Shirley is a sixty-eight-year-old resident of Morgan County, Tennessee, with a high school education. He worked nearly forty years as a maintenance mechanic for CNS and its predecessors before retiring on April 9, 2015. Prior to his retirement, Mr. Shirley earned an average weekly wage of $1,749.49.

Mr. Shirley sustained a gradual injury to both ears, arising out of and in the course and scope of his employment with CNS. His date of injury is his last day worked, April 9, 2015.

1

Mr. Shirley's job duties involved work in the manufacturing process around or near large compressors, 1500-horse powered motors, large HVAC systems, and other machinery, which created a loud environment. In the early years of his employment, he admitted earplugs were available and frequently used, but earmuffs were not. Later on, he used hearing protection more often as required.

During his employment, Mr. Shirley underwent annual physical examinations conducted by CNS's on-site medical staff, which included hearing tests. CNS medical staff showed Mr. Shirley the results of the physical exams, including the results of his hearing tests. He admitted that the CNS medical staff showed him the audiograms and told him his hearing loss was "outside the norm." However, he denied ever being told the cause of the abnormal test results. He specifically denied that the CNS medical staff informed him that his employment caused the hearing loss demonstrated on the audiograms so he may qualify for workers' compensation benefits.

Mr. Shirley began to notice his hearing loss approximately five years ago. His hearing diminished and it became difficult for him to understand people talking. He said it occurred gradually. He denied ever previously making a claim for hearing loss at CNS but acknowledged CNS placed him in a hearing conservation program, where he wore a device to measure his noise environment for one week.

Dr. S. Mark Overholt saw Mr. Shirley for a one-time evaluation on May 1, 2017. He considered Mr. Shirley's nearly forty-year employment history and the audiograms from CNS and his office. Dr. Overholt indicated Mr. Shirley's hearing loss was, more likely than not, predominantly a noise-induced occupational hearing loss. Dr. Overholt further determined that Mr. Shirley sustained a one-percent whole person permanent medical impairment, relating his impairment back to his employment ending April 9, 2015. Mr. Shirley reached the maximum medical improvement on the date he last worked, April 9, 2015. Mr. Shirley testified that Dr. Overholt was the only person who told him that his hearing loss was permanent and work-related.

Mr. Shirley gave notice of his bilateral hearing loss injury to CNS when he filed his PBD on May 16, 2017. Neither CNS nor its workers' compensation insurance carrier/ administrator provided medical or temporary disability benefits. Mr. Shirley retained the legal services of his counsel of record on a contingency fee employment contract of twenty percent of his entire workers' compensation award.

At the Compensation Hearing, Mr. Shirley argued he did not know, nor could he have known, that he sustained a permanent work-related hearing loss until Dr. Overholt told him those facts on May 1, 2017. He then provided CNS notice within thirty days of that date and filed his claim within the one-year statute of limitations. He asked the Court to award permanent partial disability benefits based upon the one-percent whole person impairment

2

with future medical benefits. He further asked the Court award his attorney a twenty-percent fee based upon his entire award, including twenty-percent of the value of his future medical benefits, limited to the current retail cost of a bilateral set of digital hearing aids of $4,990.00.

CNS argued Mr. Shirley failed to provide timely notice of his injury and that he failed to file his claim within the one-year statute of limitations. CNS averred Mr. Shirley knew or should have known that he had work-related hearing loss more than one year prior to the filing of his claim, at least by his last day worked of April 9, 2015. In support of that argument, CNS pointed out that Mr. Shirley admitted he began noticing diminished hearing loss five years prior in approximately 2012. CNS further conducted annual hearing tests, and Mr. Shirley admitted the CNS medical staff informed him he had hearing loss. CNS denied a medical diagnosis is required to establish knowledge of a permanent and work-related injury. On the issue of attorney's fees, CNS did not oppose Mr. Shirley's request for a twenty-percent attorney fee based upon the value of the entire award, including the value of future medical benefits.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Shirley must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); see *also* Tenn. Code Ann. § 50-6-239(c)(6) (2017) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). In evaluating the evidence, the Court shall not remedially or liberally construe the Workers' Compensation Law in favor of either party but must construed the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116.

Here, the Court must determine whether Mr. Shirley demonstrated by a preponderance of the evidence that he gave timely notice of his hearing loss claim and filed his PBD within the statute of limitations. On the issue of notice, the Workers' Compensation Law provides in part:

> In those cases where the injuries occur as the result of gradual or cumulative events or trauma, then the injured employee . . . shall provide notice of the injury to the employer within thirty (30) days after the employee:
>
> 1. Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or
> 2. Is rendered unable to continue to perform the employee's normal work

3

activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work related activities.

Tenn. Code Ann. § 50-6-201. As to the statute of limitations, the Workers' Compensation Law provides in part:

In instances when the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation . . . shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed . . . within one (1) year after the accident resulting in injury.

Tenn. Code Ann. § 50-6-203(b)(1).

Although not in the context of a hearing loss case, the Workers' Compensation Appeals Board addressed when notice shall be given and when the statute of limitations begins to run in cumulative trauma cases. *See Maples v. Federal Mogul Corp.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 8 (Feb. 17, 2016). In *Maples*, the employee alleged cumulative trauma injuries to her hands over the course of several years' work with the employer. The employer denied the claim, asserting the employee failed to provide timely notice of her alleged injuries and failed to assert her claim within the one-year statute of limitations. Following an expedited hearing, the trial court found the employee provided adequate notice to the employer of her cumulative trauma injury and timely filed her PBD.

On appeal, the Appeals Board agreed with the trial court's ruling regarding notice, finding:

[T]he preponderance of the evidence does not suggest that employee knew or reasonably should have known that her condition was caused by or arose primarily out of her work-related activities. Employee's mere suspicion as to the cause of her condition, without more, is insufficient in this case to constitute knowledge of a causal connection between her arthritis and her work activities.

*Maples,* at *23-24.

As to the statute of limitations, the Appeals Board affirmed the trial court's conclusion that the PBD was timely-filed. The Appeals Board determined the "last day worked" rule remains viable when the applicable provisions of the 2013 Reform Act are construed "fairly, impartially, and in accordance with the basic principles of statutory construction," and "in a manner favoring [n]either the employee [n]or the employer." *Maples*, at *25-28. *See also*

4

*Kelso v. Five Star Food Serv.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 36, at *10 (June 15, 2016).

In a pre-Reform Act case, *Hardy v. Goodyear Tire and Rubber Co.*, 2013 Tenn. LEXIS 441 (May 9, 2013), the Tennessee Supreme Court Special Workers' Compensation Panel analyzed the notice and statute of limitations provisions in hearing loss cases. The Panel noted generally "in a gradually occurring hearing-loss claim[,] the statute of limitations does not begin to run until the employee discovers, or in the exercise of reasonable diligence, should have discovered that his hearing loss is permanent and work-related." *Hardy*, at *19; *see also Banks v. United Parcel Serv., Inc.*, 170 S.W.3d 556, at 561 (Tenn. 2005) (interpreting the notice requirement of Tennessee Code Annotated section 50-6-201(b) and stating that "an employee who sustains a gradually-occurring injury may be unsure of the cause of his or her injury, and therefore relieved of the notice requirement, until the diagnosis is confirmed by a physician"); *Whirlpool Corp. v. Nakhoneinh*, 69 S.W.3d 164, 169 (Tenn. 2002) ("[A]n employee is excused from giving notice of a gradually occurring injury until the employee has reason to know that the injury is work-related."). Courts have applied this general rule in a number of cases with differing outcomes, depending upon the proof in the case.

In *Hardy*, the Panel concluded the trial court did not err in finding the claim timely. Similar to the facts of this case, the employee's gradual hearing loss occurred during his thirty-nine-year career working for employer. The employee acknowledged that he noticed his loss of hearing. The proof established that during his lengthy career no one at the employer told the employee his hearing loss was work-related. The employee testified that he was not medically diagnosed with a permanent, work-related hearing loss until after his retirement and after he had filed his claim for benefits. The Panel noted "[t]he trial court's refusal to charge employee, a non-physician, with knowledge that his hearing loss was work-related is entirely reasonable in light of this proof, particularly since employee's hearing loss occurred gradually as he aged from twenty to fifty-nine." The Panel further found, "[b]ased on our review of the record on appeal, the evidence considered in its entirety does not preponderate against the trial court's finding that the employee's claim was timely because employee was not medically diagnosed with a permanent, work-related loss of hearing until after his employment had ended." *Hardy*, at *27-29.

Here, the Court concludes Mr. Shirley established, by a preponderance of the evidence, that he provided CNS timely notice of his bilateral hearing loss. Mr. Shirley did not know or should have known that he suffered a work-related injury that resulted in permanent physical impairment until Dr. Overholt told him on May 1, 2017. Well within the thirty-day notice requirement, Mr. Shirley notified CNS of his work-related hearing loss with the filing of his PBD on May 16, 2017. Likewise, by the same standard, Mr. Shirley demonstrated he filed his PBD within one year of the date he knew or should have known that he suffered work-related bilateral hearing loss.

5

In light of the parties' stipulation as to causation, the Court holds Mr. Shirley's bilateral hearing loss arose primarily out of and in the course and scope of his employment with CNS. His bilateral hearing loss resulted in a one-percent whole person impairment. Accordingly, the Court awards Mr. Shirley permanent partial disability benefits based upon 4.5 weeks times his workers' compensation rate of $848.00, for a monetary award of $3,816.00, to be paid by CNS. Mr. Shirley is further entitled to future medical benefits pursuant to Tennessee Code Annotated section 50-6-204.

Finally, the Court denies Mr. Shirley's attorneys request for a twenty-percent award of the entire value of Mr. Shirley's award. The Court concludes an award of future medical benefits under Tennessee Code Annotated section 50-6-204 does not have a monetary value for purposes of an attorney's fee in this context. The current value of future medical treatment is unknown and it would be speculative to award attorney's fees based upon an estimate of potential future medical benefits. The current retail cost of hearing aids produced by Mr. Shirley remains speculative because Mr. Shirley testified he has not returned to see Dr. Overholt and he has not received a pair of hearing aids. The Court awards Mr. Shirley's attorney an award of twenty-percent of the monetary permanent partial disability award, to be paid out of Mr. Shirley's monetary award, or $763.20 plus reasonable expenses. The Court recognizes that the services provided by Mr. Shirley's attorney were valuable to this case and notes the fee may not match the value of his services. Nevertheless, the Court is constrained to find the speculative nature of any fee on future medicals prevents an award on their estimated value. *See Graves v. Cocke Cty.*, 24 S.W.3d 285, 286 (Tenn. 2000) (future medicals are incalculable at the time of hearing; they are speculative and could go on forever).

**IT IS, THEREFORE, ORDERED** as follows:

1. CNS shall provide Mr. Shirley with medical treatment for his bilateral hearing loss in accordance with Tennessee Code Annotated section 50-6-204.

2. Mr. Shirley is entitled to an award of one-percent permanent partial disability to the body as a whole, or $3,816.00 (450 x 1% x $848.00), under Tennessee Code Annotated section 50-6-207(3), to be paid by CNS.

3. Mr. Shirley's attorney is entitled to a fee of twenty percent of the permanent partial disability award of $3,816.00, for a total of $763.20 plus reasonable expenses. Mr. Shirley's attorney is not entitled to a fee based upon the value of future medical benefits. Mr. Shirley's attorney's fees and expenses shall be paid out of Mr. Shirley's permanent partial disability award.

4. CNS shall prepare and file a statistical data form within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244.

6

5. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

6. The filing fee for this this cause is taxed to CNS under Rule 0800-02-21-.07 of the Tennessee Compilation Rules and Regulations.

**ENTERED November 27, 2017.**

_Pamela B Johnson_

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Stipulation of Fact
5. Scheduling Hearing Order
6. Stipulation of Additional Findings of Fact and Conclusions of Law
7. Employee's Witness and Exhibit List
8. Medical Records with Table of Contents
9. Amended Petition for Benefit Determination
10. Post-Discovery ADR Dispute Certification Notice
11. Pre-Compensation Hearing Statement
12. Employer's Witness and Exhibit List

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts of the Parties:
1. At all times material, S. Mark Overholt, MD was a duly licensed medical doctor engaged in his board-certified practice of otolaryngology (ENT) in his offices located at Knoxville, Tennessee.
2. Dr. Overholt is an adult resident of the state of Tennessee, and competent to testify, having personal knowledge of the same. Dr. Overholt is qualified to testify as an

7

expert in the medical practice of otolaryngology and give his evaluation and opinion of the hearing loss of the Employee, Francis Shirley.

3. Dr. Overholt examined and evaluated the Employee including his reported history of nearly forty years of employment as a maintenance supervisor until his retirement in April 2015, a review of the audiograms at the employer's medical department, as well as those performed by audiologists at Dr. Overholt's office. That the hearing loss for which Dr. Overholt examined and evaluated the Employee, was, more likely than not, predominantly a noise-induced occupational hearing loss, which is an issue in this lawsuit.

4. If Dr. Overholt testified in person at trial, he would testify under oath, within a reasonable degree of medical certainty and more likely than not, as to the content of his Independent Medical Evaluation of May 1, 2017.

5. Francis Shirley was an employee of the Defendant and its predecessors for nearly forty consecutive years of employment as a maintenance mechanic/supervisor until his retirement in April 2015.

6. Mr. Shirley's average weekly wage entitles him to $848.00, the maximum workers' compensation weekly rate applicable for the date of injury of April 2015.[1]

7. Mr. Shirley retained the legal services of his counsel of record on a contingency fee employment contract of twenty percent of his workers' compensation award.

8. Dr. Overholt determined that Mr. Shirley has a one percent, body as a whole permanent partial impairment.

9. Mr. Shirley sustained a gradual injury, arising out of the course and scope of his employment with CNS.

10. Mr. Shirley's date of injury is April 9, 2015.

11. Mr. Shirley gave notice of the injury to CNS on the Petition for Benefit Determination filed May 16, 2017.

12. Mr. Shirley is sixty-eight years old and a resident of Morgan County.

13. Mr. Shirley completed the twelfth grade and obtained a high school diploma.

14. Mr. Shirley did not receive authorized medical treatment for the injury. CNS or its workers' compensation insurance carrier/ administrator did not pay medical expenses.

15. Mr. Shirley reached the maximum level of medical improvement that the nature of the injury permits on April 9, 2015.[2]

16. Mr. Shirley did not receive temporary disability benefits.

17. Mr. Shirley has not return to work for Consolidates Nuclear Services, earning the same or greater wages as he earned prior to the injury. Mr. Shirley is retired.

---

[1] The parties referenced three different maximum weekly compensation rates in their stipulations. During the hearing, the parties agreed the maximum weekly compensation rate applicable for permanent disability as of the date of injury, April 9, 2015, applies in this case.

[2] The parties corrected this stipulation during the hearing to reflect that Dr. Overholt related the one percent whole person rating back to Mr. Shirley's employment ending April 9, 2015. Thus, the parties agreed that the date of maximum medical improvement relates back to the date last worked on April 9, 2015. Dr. Overholt issued his report on May 1, 2017.

Stipulated Conclusions of Law of the Parties:

1. The parties are controlled by Tennessee Code Annotated section 50-6-101 et seq. The "Workers' Compensation Law."
2. That counsel of record for the employee is entitled to receive twenty percent of the employee's award.
3. That anatomical binaural permanent partial impairment for the employee's hearing loss pursuant to the American Medical Association Guide to Evaluation of Permanent Impairment (6th edition) calculates to one percent to the body as a whole.
4. That the sole issue for determination by the Court is whether or not the applicable statute of limitations as lapsed.
5. This claim is governed by the Workers' Compensation Law for the state of Tennessee.
6. An employment relationship existed between Mr. Shirley and CNS at all relevant times.
7. Counsel is entitled to his contractual contingent fee of 20% of an award to Mr. Shirley.

Exhibits:

1. Deposition of Francis Shirley with attachments
2. *(Withdrawn by Employer - Marked for Identification Only)* First Reports of Work Injury
3. *(Withdrawn by Employer - Marked for Identification Only)* Notice of Denial of Claim for Compensation
4. Audiograms
5. Independent Medical Evaluation report by S. Mark Overholt, M.D.
6. Documents submitted by Mr. Shirley's counsel in support of claim for attorney's fees

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on November 27, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| George Buxton, Employee's Attorney | | | X | georgebuxton@buxtonlawfirm.com |
| Landon Lackey, Employer's Attorney | | | X | landon.lackey@cns.doe.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

10